

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) <br> ) <br> ) |
| RANDY L. TAYLOR, SHEILA TAYLOR, BETTY FRANCES JOHNSON, TERESA LYNN SPEEGLE, CHASITY LYNN GARRARD, JANNA LEIGH COKER, KELLI SHERI FRENCH, JEANETTE CHAMNESS, and DEBORAH DENISE COX, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

Civil Action No. 96-S-1230-NE

| | |
|---|---|
| CHASITY LYNN GARRARD, JANNA LEIGH COKER, and KELLI SHERI FRENCH, | ) <br> ) <br> ) |
| Counterclaim-Plaintiffs, | ) <br> ) |
| vs. | ) <br> ) <br> ) |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, INC., | ) <br> ) <br> ) |
| Counterclaim-Defendant. | ) <br> ) |



**ENTERED**

APR   4 1997·

## MEMORANDUM OPINION

From 1990 to 1994, Randy L. Taylor and his wife, Sheila Taylor, operated a tanning salon, known as Taylor's Tanning and Video, in Arab, Alabama.  From approximately October 1991 to April of 1992, the Taylors allegedly "surreptitiously videotaped patrons of the tanning salon in various states of undress while using the tanning facilities." (Plaintiff's Brief, at 2.)  Five actions have been brought against the Taylors in the Circuit Court of Marshall County, Alabama, by patrons of the tanning salon who allegedly were videotaped while nude or partially nude.  Plaintiff, State Farm

34

Fire and Casualty Insurance Company, Inc. ("State Farm"), seeks a
judgment declaring it is under no obligation pursuant to the terms
of a business insurance agreement (Policy No. 93-36-5970-7) issued
to "Randy L. Taylor d/b/a Taylor Electronic Service" to defend
either Randy L. Taylor or Sheila Taylor[1] against the state court
claims of the remaining defendants (hereinafter referred to as the
"state court claimants"):  i.e., Jeanette Chamness;[2] Betty Frances
Johnson;[3] Teresa Lynn Speegle;[4] Chasity Lynn Garrard, Janna Leigh
Coker, Kelli Sheri French;[5] and Deborah Denise Cox.[6] (Plaintiff's
Complaint, at 7-8.)

The Taylors failed to plead or otherwise defend in the present
action.  Accordingly, the clerk of court entered their default

---

[1]The definition of "who is an insured" under the policy provides: "If you
are designated in the Declarations as ... an individual, you and your spouse are
insureds but only with respect to the conduct of a business of which you are the
sole owner." (Insurance Agreement attached to Complaint, Section II,1.,a., at
27.)  Randy L. Taylor is the sole owner of the business, and is listed as an
individual in the declarations.  Thus, Sheila Taylor, his spouse, also is
considered an insured.

[2] Janet Chamness, the plaintiff in Case No. CV-94-143, alleges: invasion
of privacy; breach of contract; negligence; fraud, misrepresentation, and
suppression of material facts; and intentional infliction of emotional distress.

[3] Betty Johnson, the plaintiff in Case No. CV-94-459, alleges invasion of
privacy and outrage through the intentional infliction of emotional distress.

[4] Teresa Speegle, the plaintiff in Case No. CV 94-200186, alleges: invasion
of privacy; breach of contract; negligence; fraud, misrepresentation, and
suppression of material facts; intentional infliction of emotional distress; and
outrage.

[5] Chasity Garrard and Janna Coker, who are minors and therefore bring their
suit through their next friend and natural parents, and Kelli French, are the
plaintiffs in Case No. CV-94-145.  They allege invasion of privacy and
intentional infliction of emotional distress.

[6] Deborah Cox, the plaintiff in Case No. 94-460, alleges invasion of
privacy and outrage through the intentional infliction of emotional distress.

2

pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on August 28, 1996. Defendants Janna Leigh Coker, Kelli Sheri French, and Chasity Lynn Garrard (hereinafter referred to as the "underage state court claimants") bring a counterclaim for declaratory relief, seeking a determination that State Farm owed a duty to defend Randy L. Taylor in the criminal prosecution brought against him.

This action presently is before the court on State Farm's motion for summary judgment. Upon consideration of the pleadings, briefs, and evidentiary submissions, this court concludes the motion is due to be granted. The court also determines *sua sponte* that the underage state court claimants lack standing to assert their counterclaim for declaratory relief and, therefore, that counterclaim also is due to be dismissed.

## I.  STATE FARM'S MOTION FOR SUMMARY JUDGMENT

The focus of State Farm's motion for summary judgment is that the injuries for which the state court claimants seek damages occurred after its policy expired. The policy provides that "[t]he insurance applies only ... to bodily injury ... caused by an occurrence which takes place ... during the policy period." (Plaintiff's Exhibit I, at 20.)  Policy No. 93-36-5970-7 was effective from 12:01 a.m. on November 1, 1992 until the same time one year later:  November 1, 1993.

The state court claimants allege they suffered mental distress as a result of the Taylor's actions. Humiliation, embarrassment and mental anguish are considered "bodily injuries" under Alabama

3

law. *See American States Insurance Co. v. Cooper*, 518 So. 2d 708 (Ala. 1987).

State Farm asserts the "bodily injuries" alleged by the state court claimants did not occur when the wrongful acts were committed (*i.e.*, when the videotapes were surreptitiously recorded), but on those dates the respective complaining parties learned of the taping and thereby suffered mental anguish.[7]  (It is undisputed that the state court claimants did not discover they had been videotaped until February of 1994:  more than three months after the policy lapsed.)  To this end, State Farm argues that the state court claimants

> were not actually damaged, *i.e.*, suffered mental distress, when they were videotaped, because they had no knowledge of the tapes.  Rather, [the state court claimants] only could have suffered mental distress when they discovered in mid-February 1994, that they had been videotaped.

(State Farm's Brief, at 8.)

On the other hand, the state court claimants argue that

> [t]he claimants were damaged at the time these video tapes were made, in that their right to privacy was invaded at the time the videos were taken.  The cases cited by the plaintiff are good law, however, they are not authority in the instant case because none of those cases involve[] a claim for invasion of privacy.  The claimants had a reasonable expectation of privacy when they entered the tanning booths which were equipped with locks.  When they were unknowingly video taped, their privacy was invaded, not when they learned that they had been video taped.

---

[7] State Farm cites the following cases as authority for its proposition: Alabama States Insurance Co. v. Martin, 662 So. 2d 245 (Ala. 1995); State Farm Fire and Casualty Co. v. Gwin, 658 So. 2d 426 (Ala. 1995); and United States Fidelity and Guaranty Co. v. Warwick Development Co., 446 So. 2d 1021 (Ala. 1984).

(Defendants' Brief in Opposition to Summary Judgment, at 3.)

Under either analysis, the injury alleged by the state court claimants did not occur within the term of the policy:  November 1, 1992 through November 1, 1993.

If State Farm's argument is accepted, as this court believes it should be, the state court claimants had no cause of action until each discovered she had been surreptitiously videotaped, either nude or partially nude, and  thereby suffered mental pain, anguish, or humiliation.  Such an injury could not have occurred until February of 1994:  after the expiration of the policy.

On the other hand, the uncontradicted, undisputed evidence presented to this court unequivocally establishes that the Taylors did not videotape any of the state court claimants on or after November 1, 1992.  Randy Taylor testified in deposition that he purchased the video cameras in 1991.  (Randy Taylor Deposition, at 37.)  When asked if he only used the video cameras in 1991, Randy Taylor responded: "[i]t may have ran into early '92."  (Id., 38.)  No evidence has been presented to this court showing that any of the state court claimants were surreptitiously videotaped on any date after that.  Therefore, accepting the state court claimants' argument that they "were damaged at the time these video tapes were made," it follows that their respective causes of action arose, at the latest, in "early '92."  Clearly, November 1, 1992 is not "early '92" and, accordingly, each claimant was injured before the policy became effective.

5

Thus, regardless of which party's interpretation of Alabama law is accepted, no cause of action arose during the policy period. Accordingly, plaintiff's motion for summary judgment is due to be granted.

## II.  COUNTERCLAIM FOR DECLARATORY RELIEF

The underage state court claimants bring a counterclaim for declaratory relief, seeking a determination that State Farm owed a duty to defend Randy Taylor in the criminal prosecution brought against him.  Taylor was convicted of a Class A felony in violation of Alabama Code § 13A-12-197 for videotaping those three state court claimants while nude.[8]  The underage state court claimants allege that State Farm "gained a collateral advantage" by failing to defend Randy Taylor in his criminal action, and then asserting in this declaratory judgment action that his conduct was excluded from coverage under the policy because it resulted in his criminal conviction.  Before reaching the merits of that contention, this court must first determine if those defendants have standing to request such relief.  *See Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)("In its constitutional dimension, standing ... is the threshold question in every federal case, determining the power of the court to entertain the suit").

---

[8]  Alabama Code § 13A-12-197, entitled "Production of obscene matter containing visual reproduction of person under 17 years of age involved in obscene acts," provides: "Any person who knowingly films, prints, records, photographs or otherwise produces any obscene matter that contains a visual reproduction of a person under the age of 17 years engaged in any act of sado-masochistic abuse, sexual intercourse, sexual excitement, masturbation, breast nudity, genital nudity, or other sexual conduct shall be guilty of a Class A felony."

6

State Farm did not challenge the three underage state court claimants' standing to bring their counterclaim for declaratory relief in its motion for summary judgment, but it did assert that defense in its answer to the counterclaim. Nonetheless, this court is obliged to examine the issue *sua sponte*, because jurisdiction of this court must be founded on the existence of a "case or controversy" under Article III of the Constitution. *See, e.g., Juidice v. Vail*, 430 U.S. 327, 331, 97 S.Ct. 1211, 1215, 51 L.Ed.2d 376 (1977) ("Although raised by neither of the parties, we are first obliged to examine the standing of appellees, as a matter of the case-or-controversy requirement associated with Art. III, to seek injunctive relief in the District Court").

A.    **The Underage State Court Claimants Lack Standing**

Under Article III of the Constitution, litigants may invoke federal court jurisdiction only by alleging an actual case or controversy. *Flast v. Cohen*, 392 U.S. 83, 94-101, 88 S.Ct. 1942, 1949-53, 20 L.Ed.2d 947 (1968). "Case or controversy" requirements apply with full force in actions seeking a declaratory judgment, and are to be strictly construed. *Consumers Union of United States, Inc. v. Committee for Implementation of Textile Agreements*, 561 F.2d 872, 874 (D.C. Cir. 1977). Section 2201 of the Declaratory Judgment Act, 28 U.S.C. § 2201(a), states that "[i]n a case of actual controversy" the courts "may declare the rights and other legal relations of any interested party seeking such declaration." Although no precise test has been fashioned for

7

determining the existence of an "actual controversy," the United

States Supreme Court has offered the following guidance:

> Basically, the question in each case is whether the facts
> alleged, under all circumstances, show that there is a
> substantial controversy, between the parties having
> adverse legal interests, of sufficient immediacy and
> reality to warrant the issuance of a declaratory
> judgment... It is immaterial that ... the positions of
> the parties of the conventional suit are reversed; the
> inquiry is the same in either case.

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273,

61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).   Thus, three elements must

be shown to establish standing in a declaratory judgment action:

an actual controversy exists between the parties; the parties have

adverse legal interests; and that such interests are immediate and

real and will support a determination based thereon.   *See Cross v.*

*Occidental Fire and Casualty Company*, 347 F. Supp. 342, 343 (W.D.

Ok. 1972).

This court relies on the reasoning in *Cross*, 347 F. Supp. 342,

in   determining   that   the   underage   state   court   claimants'

counterclaim for declaratory relief does not constitute an "actual

controversy."   In *Cross*, a claimant brought a tort suit against an

insured in state court.   The claimant also brought a declaratory

judgment action in federal court against the insured's insurance

company.   The claimant sought a determination in the federal court

declaratory judgment action "that the insured which he has sued [in

the state court action] be defended in said action by lawyers hired

by the Defendant [insurance company] and that the Defendant be

adjudged liable on its insurance policy to pay any judgment

Plaintiff may succeed in obtaining against Defendant's insured."

8

*Cross,* 347 F. Supp. at 343.  The court concluded that the claimant

had failed to establish each of the three standing requirements

discussed in *Maryland Casualty Co.*, 312 U.S. at 273, 61 S.Ct. at

512.  The court held:

> There is no actual controversy between Plaintiff and
> Defendant. ...  The Court is unable to fathom Plaintiff's
> legal interest in who hires the lawyers who will defend
> one he has elected to sue, whether it be Defendant [the
> insurance company] or the insured.  The Court knows of no
> legal principle which would permit Plaintiff to specify
> the lawyer who will defend a person he has seen fit to
> sue.  There is thus nothing on which to base an actual
> controversy between Plaintiff and Defendant as to this
> point. ...
>
> Plaintiff has no present adverse legal interest in
> the obligations of the Defendant to its insured.  All the
> legal interests presently possessed by the Plaintiff, as
> disclosed by his pleadings, are related to the alleged
> tortious acts of the insured, not the Defendant.  All the
> legal interests Defendant presently possesses are related
> to the contract of insurance it has with its insured.
> Plaintiff's interests all arise out of a claimed tort;
> Defendant's interests all arise out of an insurance
> contract and the two have separate and independent bases.
>
> Finally, Plaintiff's claim herein is neither
> immediate nor real.  It is not immediate because of its
> contingent nature and it is not real because there is no
> legal principle that the Court knows of to support it.

*Cross,* 347 F. Supp. at 343-44.

As in *Cross,* the three underage state court claimants have no

legal interest in who was hired to defend Randy Cross against

charges contained in a state criminal indictment - especially when

that indictment was based upon criminal acts allegedly committed by

the defendant against those same claimants.  The interests which

the underage claimants seek to enforce herein are those of the

named insured, Randy Taylor.  Thus, this court concludes that the

underage state court claimants do not have standing to maintain an

9

action to enforce rights in an insurance agreement to which they were not parties. *See Thrasher v. State Farm Fire & Casualty Company*, 734 F.2d 637, 639 (11th Cir. 1984)(third-party's argument "that he may maintain an action against State Farm even though not a party to the contract of insurance [is] ... unpersuasive"); *see also Allstate Insurance Company v. Wayne County*, 760 F.2d 689, 695 (6th Cir. 1985)(third-party had no standing to litigate the duty defend issue "since the duty to defend is a right affecting only the obligations of the insurer vis-a-vis the insured").

**B.   The Counterclaim is Frivolous**

Even if the underage state court claimants were able to establish standing, their claim is frivolous. The subject business insurance policy provides that State Farm "will have the right and duty to defend any claim or **suit** seeking damages payable under this policy." (Plaintiff's Exhibit I: Insurance Agreement, at 20 (emphasis in original).) Under the policy, "**suit** ... means a civil proceeding in a court of law in which damages because of **bodily injury, property damage, personal injury or advertising injury** to which this insurance applies are alleged." (Insurance Agreement Attached to Plaintiff's Complaint, at 33 (emphasis in original).) Thus, criminal proceedings are clearly excluded from coverage under the policy. Accordingly, the underage state court claimants' counterclaim for declaratory relief is due to be dismissed.

## III.   CONCLUSION

A final declaratory judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

10

DONE this 4th day of April, 1997.

_____
United States District Judge

**11**